## Silk v. City Of Louisville et al.

April 24, 1945.

Franklin P. Hays, and Skaggs, Hays & Fahey for appellant.
Lewis C. Carroll and Richard H. Hill for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

The appellant, a citizen, resident and taxpayer of the city of Louisville, suing on behalf of himself and of all other taxpayers similarly situated, instituted the present action for a declaration of rights with respect to the validity of $1,500,000 of flood protection bonds which the city proposes to issue and sell at this time, and for proper orders restraining and enjoin-

ing the appellees from proceeding with such proposed sale. From an adverse judgment he prosecutes this appeal.

At the 1940 general election the voters of Louisville authorized the issuance and sale of bonds in the amount of $2,500,000 so that the city might obtain Federal aid in the erection of a flood wall. The general plan under which the vote was taken contemplates that the National Government shall contribute the cost of the wall proper, while the city shall purchase necessary rights-of-way, pay all damages and portions of the costs of the installation of sewerage interceptors and of the construction of necessary pumping stations, and assist in other particulars not necessary to be enumerated here. The plan of cooperation further contemplates that the engineering plans must be completed and all rights-of-way must be acquired before construction of the wall shall be commenced. It is to acquire funds with which to proceed at once in the acquisition of rights-of-way that the city proposes to issue and sell the bonds mentioned in the appellant's petition.

Upon final submission, the lower court found and adjudged (1) that the city's constitutional debt limit will not be exceeded; (2) that the proposition as submitted to the voters did not require as a condition precedent to the issuance and sale of all or any part of such bonds that there be available for immediate expenditure funds sufficient to pay the entire cost of the flood wall project; (3) that the proposition as submitted contemplated that the bonds might be issued from time to time as might be necessary for financing the purchase of rights-of-way and for the settlement of damages in connection therewith; (4) that there is reasonable assurance that funds of the Federal Government will be available, and (5) that the city and its appellee officers are authorized to issue and sell the bonds as proposed and that such bonds will constitute a valid indebtedness of the city.

The appellant concedes that the bonds voted are well within the city's constitutional debt limit, and that all formalities and requirements in connection with the submission of the question to the voters were duly ob-

738

served. His sole complaint is that the Congress has not yet made an appropriation to carry out the Federal Government's commitment in the matter, and that until such an appropriation has actually been made the city may not safely or legally issue and sell any of the bonds.

The appellant's contention is not well made. Under the policy of the National Government, as clearly shown by the record, the acquisition of all necessary rights-of-way by the city is prerequisite to the granting of Federal aid. To sustain the appellant's contention would be to defeat the very purpose which the voters had in mind when they authorized the bond issue in question.

Judgment affirmed.

Whole court sitting, except Judge Thomas.