## Schatzman v. City of Covington et al.

March 22, 1946.

Wm. J. Deupree for appellant.

John L. Cushing for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the regular election in November, 1945, the voters of the city of Covington approved a proposed bond issue of the city to the amount of $690,000 to provide funds for the purpose of acquiring rights of way and payment of damages accruing for and on account of the construction of a flood levee in the city of Covington for the protection of parts of its territory subject to overflow from the Ohio River.

At the election there were cast in favor of the bond issue 9,550 votes and against the issue 1,794 votes, thus complying with both sections 157 and 158 of the Constitution, the latter requiring a two-thirds vote on the proposition of incurring the indebtedness. This declaratory judgment action was brought by appellant, a citizen and taxpayer of the city, for himself and other taxpayers therein, to test the validity of the proposed bond issue, and the court on final submission sustained the issue and dismissed plaintiff's petition from which he prosecutes this appeal.

It is admitted in the pleadings that all prerequisites in the passage of the ordinance submitting the question to the voters of the city had been fully complied with. Also that the proposed indebtedness did not exceed ten

percent of the assessed valuation of the property in the city subject to ad valorem taxes at the last assessment previous to the holding of the election, or the passage of the ordinance submitting the proposition. It is likewise admitted that all necessary steps were taken for the holding of the election, and the only ground urged against the legality of the issue is that at the time of the passage of the ordinance submitting the question to the voters of the city, and at the time of the election, the government had not set apart and made immediately available to the city the amount of the construction cost of the proposed flood wall and that it might not ever do so.

The precise question in every respect—and so admitted in briefs of counsel for both sides—was presented to this court in the case of Silk v. City of Louisville, 299 Ky. 736, 187 S. W. 2d 286. In that case the bonds had been voted by the electors of Louisville for the same purpose as is proposed in this case and the only question involved therein was the precise one above stated. We held that the city could issue the bonds and acquire the necessary funds to perform its part of the project before the government had allocated the money necessary for the construction.

We are still of that opinion, and for which reason the judgment appealed from is affirmed.